No. 2345

Second Circuit Appeal

DAVID E. MIXON v. HUMBLE OIL AND REFINING COMPANY

(June 23, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. Louisiana Digest—Master and Servant— Par. 160 (I); Appeal—Par. 625.
The finding of the trial court in a Workmen's Compensation case under Act No. 20 of 1914, that there is no disability of the injured employee, being eminently correct, is affirmed.
(The recent amendment of Section 8 of Act 20 of 1914, is Act 216 of 1924.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. T. F. Bell, Judge.

This is a case under the Workmen's Compensation Act No. 20 of 1914, re-opened by the plaintiff after a year from the date of judgment because plaintiff claimed that his injuries were growing worse.

There was judgment for defendant and plaintiff appealed. Judgment affirmed.

Long & Crow, of Shreveport, attorneys for plaintiff, appellant.

E. W. & P. N. Browne, of Shreveport, attorneys for defendant, appellee.

ODOM, J. On November 29, 1922, there was judgment in the District Court awarding the plaintiff in this case compensation for forty-three weeks. It does not seem that any appeal was taken from that judgment. More than a year later, on February 4, 1924, an application was made by the plaintiff to reopen the case, alleging that he was still disabled to do work of any reasonable character and that instead of his wound getting better it was constantly growing worse; and he asked that the case be reopened for another trial and that ultimately he be granted compensation for 300 weeks, less the forty-three

weeks granted him under the previous judgment.

There was no objection made by defendant to this procedure. It seems that all parties considered that plaintiff had a right to reopen the case if, as a matter of fact, the testimony warranted such procedure.

The court ordered the defendant to show cause within seven days why the case should not be reopened. The case was set for trial, evidence adduced and the judge of the lower court refused to reopen the case; from which judgment the plaintiff has appealed.

On the trial of the application to reopen, plaintiff was called as a witness and testified that the injury to his knee has not healed; that his knee is still stiff; that it swells at night; that he cannot stand on it; and that he has not been able to do any work since he received the injury; and he especially states that there has been no improvement since the last trial of the case.

He was asked if he had done any work at all since the case was tried in the District Court, and he said but very little; that he had tried to plow, but his hand gave out, and that otherwise he had not tried to do any work at all.

He called Doctor J. W. Faith, a physician who resides in Winn parish near the domicile of the plaintiff, and Doctor Faith testified that he had treated the plaintiff on a few occasions, and says that he sees no evidence of any injury to the knee at this time, except that the left knee, the one injured, is about a quarter of an inch larger in circumferance than the other knee. He says that the plaintiff probably suffers some pain, but on cross-examination he testified that his opinion that the plaintiff suffers pain is based entirely upon what plaintiff told him. He further states that he sees plaintiff "limping around" and

that so far as he knows he has done no work. He says there is a "popping" in the knee, but that this does not signify injury. as such conditions are frequent even in perfectly normal knees.

Plaintiff also called as a witness Mr. J. V. Milam, Sr., a member of the Police Jury of Winn parish, who testified that the plaintiff had been keeping time for his uncle who has a grading contract on a public road in Winn parish and that he has also worked in a restaurant in Winnfield. He says that so far as he knows plaintiff has done no hard manual labor since the trial of the case in 1923.

Plaintiff took the stand in rebuttal and testified that he had worked in the restaurant only five days and that he found he could not stand up very long at a time.

The plaintiff, according to his testimony, is in good health and feels perfectly well all the time, except, he says, that he suffers pains in his left knee.

There were called as witnesses three physicians who reside in the city of Shreveport, all of whom made examinations of plaintiff either on the day of trial or just previously thereto, and they have expressed their opinion unqualifiedly that there is very little if anything at all the matter with plaintiff's left knee at this time.

Doctor H. A. Durham, chief surgeon of the Shriners Hospital in the city of Shreveport, stated that in his opinion the plaintiff was making the most of a very trivial disability.

And he says, further;

"I feel disposed to say absolutely that this man should be working at the present time with all functional use of his knee if he so desired. I do not believe there is anything in that knee that is incompatible with full functional use."

* * *

"There was no swelling, no inflamation, and no reason to suspect anything except

that which could be found in any knee joint. In working the joint rapidly occasionally there would be a little clicking sensation which does not necessarily imply functional disability. You may have one in yours. I have in mine."

The above testimony was given on the day of the last trial in open court.

Doctor L. C. Spencer, a physician and surgeon in the city of Shreveport, testified that he examined plaintiff on the day of trial. He testified that plaintiff told him that his knee cap had been broken and that he complained of stiffness and pain in the knee. But the doctor gave it as his opinion that the knee cap had never been broken and that at this time no disability exists and that the plaintiff's complaints are not well founded.

He says that he tried to examine plaintiff's knee but that plaintiff was unwilling for him to do so, or rather he claimed that the examination was so painful that he could not stand it. He says, however, that he does not believe that that complaint is well founded, that he watched the plaintiff manipulate the knee; saw him bend it at different angles; and that so far as he could see the knee functioned normally.

He says that he measured the knee and found that it was the same size as the other; and he gave it as his opinion that the plaintiff had been using that joint, his reasons being based upon the fact that non-usage of any member causes the member to shrink and that there was no shrinkage about this joint. He says that the present condition of the left knee is well nourished and that the muscles are active and well developed.

Doctor Sidney L. Williams was called as a witness, and says that plaintiff's knee is normal in size and in strength. He says that there seems to be a tenderness but there is no swelling, and that the stiffness in the knee has been overcome; and he says there is no injury to the joint at this time.

Doctor Williams was asked what condition regarding the joint and the nerves he found upon his examination on this date, and he said:

"That is hard to say. See no immediate evidence of injury to the joint, can go by the tenderness and the history of the case, and it is difficult to see just what the injury is at the present time, only what you get from the patient's tenderness."

It is perfectly apparent from the reading of Doctor Williams' testimony as a whole that he is disposed to give the patient the benefit of every doubt and while he intimates that it is probable that there is some soreness in the knee and some slight disability yet a reading of his testimony as a whole convinces us that Doctor Williams is of the opinion that the disability, if any exists, amounts to practically nothing.

As stated, both of the other doctors in Shreveport are of the opinion that there is nothing, or practically nothing, the matter with the plaintiff's knee.

The Judge of the District Court, in passing on the question as to whether the case should be reopened, made the statement that in his opinion the plaintiff is greatly exaggerating his condition and that in his opinion it would do no good to reopen the case.

After having read the testimony, we are convinced that the Judge's conclusion was eminently correct.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court refusing to reopen the case, be affirmed with costs.