SULLIVAN, Appellant, v. UNITED FRUIT COMPANY

(March 15, 1926. Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Appeal—Par. 625; Master and Servant—Par. 160(j), 160 (l).

An injured employee suing under the Workmen's Compensation Act must establish by a preponderance of evidence the nature and extent of the disability claimed. Failing so to do, he cannot recover. Denial of compensation by the trial court based upon such issues of fact will be affirmed unless clearly erroneous.

Appeal from Civil District Court, Parish of Orleans, Division "C". Hon. E. K. Skinner, Judge.

Action by Leslie Sullivan against United Fruit Company for compensation under the Workmen's Compensation Act No. 20 of 1914. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Edward S. Spire and N. H. Pohlmer, of New Orleans, attorneys for plaintiff, appellant.

Spencer, Gidiere, Phelps and Dunbar and S. D. Marks, of New Orleans, attorneys for defendant, appellee.

BELL, J. Plaintiff sues for compensation, alleging that on February 9, 1923, while in the employ of the defendant company, and while engaged in work incident to his employment, he injured his left hand. It is alleged that as a result of the accident he was totally disabled, and that he is entitled to recover sixty per cent of his weekly wage, amounting to $33.60 from the aforesaid date until such time as he may be able to resume work.

Defendant answers by admitting the employment and that plaintiff was so engaged at the time and place mentioned, but denies that the injuries suffered were severe. It further denies that it was in any manner liable for the compensation as claimed.

Issues of fact are alone involved in this case, and the trial judge has resolved them in favor of the defendant, dismissing plaintiff's suit. From this judgment, plaintiff has appealed.

The plaintiff's petition does not set forth the nature and extent of the injury, except by the averment that the accident resulted in severe and painful injury to petitioner's left hand. The only proof of this disability offered by plaintiff is his own testimony and that of Dr. Joseph Cohn, who examined him about a week before the trial of the case. The evidence shows that plaintiff, on the day of the accident, was hurt about 1:15 p. m., and after having his hand bandaged returned to work for the remainder of that day and until 8:00 p. m. thereof; that he also worked on the following day until 3:00 p. m. The injuries sustained appear to have been the bruising or abrasion of the index finger of the left hand, which was jammed when plaintiff's hand truck, which was being handled by him, brushed against a pile of cross-ties situated on the wharf where plaintiff was trucking a load of coffee for one of defendant's ships. Dr. Cohn testifies that he saw the plaintiff but once, and found that he had some scars on the index finger of his left hand, and had lost the motion of that finger, and that he could not flex the finger as well as he could his other fingers, and that plaintiff complained

of pain in the joint of the injured finger, for which he treated him. His testimony is, in part, as follows:

"Q. From your medical experience, would you say that he had the entire use of that finger?

"A. No, sir, he cannot use that finger as well as he can the other fingers.

\* \* \*

"Q. Can you say how long it will be before he has the entire use of that finger?

"A. No, sir, I cannot; he may not have the ordinary use of that finger for the rest of his life, and then he may."

Upon cross-examination, this witness says:

"Q. What caused the limited motion of this finger?

"A. I cannot tell you that.

"Q. Have you any means of knowing that the limited motion is due to this injury that he received?

"A. I can only say that he has limited motion.

"Q. You do not know if it is due to this injury?

"A. He told me that he had been injured, and that before that he had free motion, and that since the injury he has had limited motion, and this is all I can tell you."

As against this evidence, defendant has offered two x-ray photographs, which apparently indicate no injury to any of the fingers of defendant's left hand. Dr. Gateley, the expert radiologist who took these photographs, testifies that he is unable to see anything wrong with the index finger, and that the x-ray photos are entirely negative in this respect.

Dr. Marion Souchon testifies, on behalf of defendant, that on the second joint of plaintiff's index finger there is a scar about the size of a dime, and that plaintiff could bend the finger at the time he examined it, and could flex it if he wished to.

Dr. P. F. Murphy, Port Medical Officer of the defendant company, testifies that on the day of the accident he treated the plaintiff's finger, and that he at once returned to work and that the finger was healed in a week, and that all it needed was to be covered to protect it from dirt; that in fact, the plaintiff continued to visit his office from February 12, to March 23, and that the finger was at no time infected. He further testifies as follows:

"Q. Will you state briefly what you found?

"A. He came to me on February 12th and had a laceration of the right hand, very superficial, right over here, scarcely anything, and it was healing by first intention, and in about eight or ten days it looked very good, and we have men that get those things and do not come for treatment, and sometimes we have to force them not to work for a few days, and I found this thing to be very superficial, but did not encourage him to work but told him to lay off for a couple of days, and in the course of nine or ten days his finger was getting along very nicely and he wanted me to figure out some insurance claims, and the first week I thought that probably he was entitled to it, the second I doubted, and I questioned the advisability of filling out the two blanks, and he became very offensive, and he continued coming, and I continued treating the finger, it was a question of putting a small piece of gauze on it, and I told him that he could go to work and he would not go to work, he refused to go to work, and I told him that I would not sign for any more money that I would continue treating his finger as long as he wanted, I had no objection to anyone working for the company coming to the office for treatment.

"Q. How long did this man actually come for treatment?

"A. It was all right in a week and all it needed was to be covered to protect it from the dirt and after the two weeks he kept coming."

There is proof in the record that the plaintiff was tendered and received the sum of $12.00 for his temporary disability, and that he did not work for the defendant but five days, that is, from February 3 to February 10, the day after accident. He

was directed by the company's medical officer to return to work, but refused to do so, and we can find no evidence in the record to justify the claim which he has made for total disability. The trial judge, who saw and heard the witnesses, and had an opportunity to examine the plaintiff's hand, has rendered a judgment dismissing plaintiff's claim. We find no reason to disturb his ruling. The burden of proof was upon the plaintiff to establish the nature and extent of his injuries, and we conclude from the evidence that his injuries are of a most superficial nature.

Mixon vs. Humble Oil & Refining Co., 2 La. App. 543.

Stevens vs. Ohio Oil Co., 3 La. App., (6 Adv. Rep. 84).

The judgment appealed from is correct, and should be affirmed.